UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCO'S FRANCHISING, LLC.,
    Plaintiff,

vs.                                Case No. 8:06-CV-670-T-17-TGW

MARCO'S ITALIAN EXPRESS, INC.,
    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT AND REQUEST FOR SANCTIONS

    This cause comes before the Court on the Defendant's Motion to Dismiss for Lack of Jurisdiction Based on Pleadings Under Rule 12c (Doc. No. 21), which includes a requests for sanctions against the plaintiff, filed October 3, 2006 and response thereto (Doc. No. 26). For the reasons set forth, Defendant's Motion is **DENIED**.

## BACKGROUND

    The underlying case involves a complaint to prevent the Defendant from using the trademark, "Marco's Pizza." The Plaintiff has gone through several variations of formal corporate identity but maintains that throughout its existence, it has used this trademark. Counsel for the Plaintiff initially filed this complaint under Marco's Pizza, Inc., and later amended this complaint to reflect the current successor in interest, Marco's Franchising, LLC. The Defendant moves to dismiss this complaint reasoning that Marco's Franchising, LLC has no standing because they are a replacement plaintiff who cannot relate back to the original filing date. This Court finds their argument unpersuasive.

## DISCUSSION

    **Standard of Review**: Standards for granting Fed. R. Civ. P. 12©) motions are the same as for a Fed. R. Civ. P. 12(b)(6) motion: A court must accept all allegations in the complaint as true and draw all inferences in non-moving party's favor, and dismiss the case only if satisfied that the complaint cannot state any set of facts that would entitle plaintiff to relief. 2-12 Moore's Federal Practice - Civil § 12.38. This Court must accept all of the alleged facts as true and resolve them in a light most favorable to the Plaintiff. Hunnings v. Texaco, Inc. 29 F.3d 1480,

1483 (11th Cir. 1994). The motion to dismiss should be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Blackson v. Alabama</u>, 30 R.3d 117, 120 (11th Cir. 1994). The complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Hawthorne v. Mac Adjustment</u>, 140 F.3d 1367, 1370 (11th Cir. 1998).

Plaintiff's primary contention is that Rule 15©) of the Federal Rules of Civil Procedure does not allow the Plaintiff to amend the complaint to reflect the proper name of the complaining party. However in its pertinent part, Rule 15 allows amendment of a claim, changing either party provided that the defendant will not be prejudiced in maintaining a defense on the merits and knows or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the proper party. Although the rule anticipates the more likely scenario where an amended complaint corrects a misidentified defendant, the language of Rule 15 makes clear that the amendment can change either party providing there is no prejudice to the defendant. In the case at bar, the Defendant has at all times been on notice of the action. In addition, the rule's Advisory Notes point out that the purpose of the rule is to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors. To allow the Defendant's motion would do just that.

Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires." This Court has previously ruled in <u>Wiess v. PPG Industries, Inc</u>., that absent undue delay, bad faith or repeated failure to cure deficiencies …[on the part of the movant]; or undue prejudice to the opposing party, the leave sought should be freely given. 148 F.R.D. at 291 (D. Fla. 1993) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). Because the Court finds no undue delay, bad faith or dilatory motive on the part of the Plaintiff, nor prejudice to the Defendant, the Court finds no reason to dismiss the complaint based on an amendment of the claim under Rule 15.

The Defendant further urges the Court to dismiss the complaint based on four manifestly false allegations that were respectfully brought into the searing light of day. Unfortunately, these allegations are not as brightly illuminated as the Defendant would have the Court believe. The Court must accept all of the alleged facts as true and resolve them in a light most favorable to the Plaintiff. This Court cannot find based on the pleadings, that a claim of use of a trademark for

2

thirty (30) years is contradicted by a later incorporation date of the company using the trademark. Similarly, the Court cannot determine, on the pleadings, that the Plaintiff had no plans to use any federal registration in Florida commerce. The Amended Complaint represents that the Plaintiff is actively negotiating agreements to develop franchises in the Tampa Designated Market Area. The Court must accept as true all facts alleged in the Amended Complaint and must further "draw all inferences that favor the non-movant." Bankers Ins. Co. V. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n. 137 F.3d 1293, 1295 (11th Cir. 1998).

The rest of the contested allegations rely on the confusion of the different names by which the Plaintiff has been known as well as a portion of the Amended Complaint where counsel for the Plaintiff again identifies the Plaintiff by a previous company name. This error is harmless and has caused no prejudice to the Defendant. The Plaintiff has offered to remedy the clerical error by an amendment by interlineation. That solution is accepted by this Court.

The interests of justice and judicial economy will best be served by allowing this complaint to go forward thus sparing the tax payers a redundant filing of a new complaint by the "correct" plaintiff. The Defendant is fully aware of the "correct" plaintiff. Based on the outcome of the motion to dismiss, the Defendant's request for sanctions is also denied. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction Based on Pleadings Under Rule 12c, including request for sanctions, (Doc. No. 21) be **DENIED**.

**DONE** and **ORDERED** in Chambers, Tampa, Florida, this 6th day of March, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and Counsel of Record