UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCO'S FRANCHISING, LLC,

    Plaintiff.

v.                                      Case No.  8:06-cv-00670-T-17-TGW

MARCO'S ITALIAN EXPRESS, INC.,

    Defendant.

_____/

**ORDER DENYING MOTION BY DEFENDANT FOR
RECONSIDERATION IN PART OF THE COURT'S JULY 9, 2007 ORDER**

    This cause comes before the Court on Motion By Defendant For Reconsideration In Part Of The Court's July 9, 2007 Order (Dkt. 46) and response thereto (Dkt. 51).  For the reasons set forth below, The Defendant's Motion for Reconsideration is **DENIED**.  The facts relevant to this decision have been set out in Order On Plaintiff's Motion For Partial Summary Judgment And Defendant's Motion For Summary Judgment, dated July 9, 2007 (Dkt. 44) and they are incorporated by reference herein.

**DISCUSSION**

    Defendant relies on the Second Circuit's opinion in *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358 (2nd Cir. 1959), in support of its Motion to Reconsider.  The Defendant argues that the Lanham Act, and specifically 15 U.S.C. § 1114, allows a registrant to enjoin concurrent use of a mark by an unauthorized user "only if the unauthorized use creates a *present* likelihood of public confusion as to the origin of the products in connection with which the marks are used." (Dkt. 46, page 2).  The Defendant cites *Dawn Donut* as holding that a

1

registrant is not entitled to enjoin an unauthorized user if the use of the mark is "confined to two sufficiently distinct and geographically separate markets, with no likelihood that the registrant will expand his use into defendant's market." *Dawn Donut*, 267 F.2d at 364, (Dkt. 46, page 2).

The Second Circuit also held that "because of the effect of the constructive notice provision of the Lanham Act, should the plaintiff expand its retail activities into the six county area, upon a proper application and showing to the district court, it may enjoin defendant's use of the mark." 267 F.2d at 360. The Court in *Dawn Donut* did not state that the plaintiff lost the right to enjoin the defendant from use of the mark altogether. That court went on to say that abandonment of a mark only applies when "the registrant fails to use his mark, within the meaning of § 1127, anywhere in the nation." 267 F.2d at 363. According to *Dawn Donut*, in order to sustain a claim for injunctive relief, the plaintiff does not need to show the disputed marks are actually being used in the same trading area, only that expansion by the plaintiff is likely in the normal course of business. 267 F.2d at 364 n.4.

In the case at issue, the Plaintiff's mark has been protected by a trademark registration since May 6, 1986. The Plaintiff has entered into the state of Florida and has shown, through Area Representative Agreement plans, that it plans on moving into the Orlando and Tampa areas and continues looking for expansion opportunities into other areas. The Plaintiff has shown that they did not abandon their rights with regards to their mark, as evidenced by nationwide expansion. They also have shown, through agreements and behavior, that expansion into the Defendant's trade area is likely in the normal course of business. Accordingly, it is

**ORDERED** that the Motion By Defendant For Reconsideration In Part Of The Court's July 9, 2007 Order (Dkt. 46)  is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, on this 7th day of September, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All parties and counsel of record